IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PURE PARTY GP, LLC d/b/a | § | |
| PURE PARTY ICE | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-cv-01108 |
| | § | |
| STATE AUTO MUTUAL INSURANCE | § | |
| COMPANY and NATALIE THOMAS | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendants State Auto Mutual Insurance Company and Natalie Thomas ("Defendants"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of the lawsuit captioned *Pure Party GP, LLC d/b/a Pure Party Ice v. State Auto Mutual Insurance Company*; Cause No. 2020CI15074; In the 408th Judicial District of Bexar County, Texas.

## I.
## BACKGROUND

1.     Plaintiff Pure Party GP, LLC d/b/a Pure Party Ice (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2020CI15074; In the 408th Judicial District of Bexar County, Texas on August 11, 2020 (the "State Court Action").  *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2.     Defendants appeared and answered on September 17, 2020, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.  *See* Defendants' Original Answer, attached as **Exhibit C**.

3.      Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A,** and a copy of all process, pleadings, and orders served upon Defendant Natalie Thomas ("Thomas") in the State Court Action are incorporated in **Exhibit B** .

4.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 408th Judicial District Court of Bexar County, Texas.

5.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendants of Plaintiff's Original Petition and less than one year after the commencement of this action.

**II.**
**JURISDICTION**

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of Parties**

7.      Plaintiff Pure Party GP, LLC d/b/a Pure Party Ice is a Texas limited liability company. Citizenship of a limited liability company is determined by the citizenship of all of its members.[1] A diligent search of publicly available information on the members of Pure Party GP, LLC d/b/a Pure Party Ice has been conducted, and the following persons with corresponding mailing addresses are identified as members in the most recent Public Information Report filed by Pure Party GP, LLC with the Texas Secretary of State in 2019: Jack E Bradford Jr. of 15255

---

[1]      *MidCap Media Finance, LLC v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019).

Flying Circle Helotes, TX 78023, Mark W. Biediger of 11666 Ford Road Adkins, TX 78101, and Paul Flaman of 20 Stafford Court, San Antonio, TX 78217.

8.      After a diligent search of publicly available information, Jack E Bradford Jr., Mark W. Biediger, and Paul Flaman are citizens of the state of Texas. No other members of Pure Party GP, LLC d/b/a Pure Party Ice were discovered through a diligent search and review of publicly available records, and Defendants have no reason to believe that any members share the citizenship of Defendants. Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Plaintiff Pure Party GP, LLC d/b/a Pure Party Ice is a citizen of the state of Texas.

9.      Defendant Natalie Thomas is a citizen of the State of Ohio.

10.     State Auto Mutual Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Ohio.

11.     Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.      Amount in Controversy**

12.     It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[2] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[3] In

---

[2]      28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[3]      *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[4]

13.     Here, Plaintiff seeks "monetary relief of $200,000 to $1,000,000." **Exhibit A**, Plaintiff's Original Petition, at introductory paragraph at page 1. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

14.     Plaintiff further seeks compensation for (a) actual damages, (b) treble damages, (c) exemplary damages; (d) attorney's fees; and (e) pre- and post-judgment interest. *See* **Exhibit A** at Prayer, page 11. Plaintiff has alleged that Defendants' conduct was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code Chapter 541.  *See Id.* **Exhibit A,** § XII; Tex. Ins. Code sections 541.002 & 541.152.  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[5]

15.     Courts may also look past the pleadings to analyze a plaintiff's pre-suit demand as well as all categories of damages sought in the lawsuit to determine the amount in controversy.[6]  Here, this analysis plainly sets the amount in controversy past the $75,000 threshold for this Court's jurisdiction. Plaintiff's June 11, 2020 demand claimed over $297,589.28 in in actual damages. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

16.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.   Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[4]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[5]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[6]     *Villarreal v. State Farm Lloyds*, No. 7:15-cv-292, 2015 WL 5838876 at *2 (S.D. Tex. Oct. 7, 2015).

**III.**
**CONCLUSION**

17.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

18.     WHEREFORE, Defendants State Auto Mutual Insurance Company and Natalie Thomas hereby provide notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Ethan D. Carlyle
Texas Bar No. 24031794
ecarlyle@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT STATE AUTO MUTUAL INSURANCE COMPANY AND NATALIE THOMAS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via Email and U.S. Mail this the 17th day of September, 2020 to:

Robert W. Loree
Stephen Fields
Loree & Lipscomb
The Terrace at Concord Park
777 E. Sonterra, Suite 320
San Antonio, TX 78258
rob@lhllawfirm.com
stephen@lhllawfirm.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp