

# Notice of Service of Process

null / ALL
Transmittal Number: 21946867
Date Processed: 08/27/2020

| | |
|---|---|
| **Primary Contact:** | Samantha Smith<br>State Auto Financial Corporation<br>4239 Wilton Pl<br>Columbus, OH 43227-3662 |
| **Electronic copy provided to:** | Susan Barrett<br>Melissa Hairston<br>Amber Walker<br>Lindsay Ramos<br>Emilee Hanson |
| **Entity:** | State Automobile Mutual Insurance Company<br>Entity ID Number  3046925 |
| **Entity Served:** | State Automobile Mutual Insurance Company |
| **Title of Action:** | Pure Party GP, LLC d/b/a Pure Party Ice vs. State Automobile Mutual Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, TX |
| **Case/Reference No:** | 2020CI15074 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/26/2020 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Robert W. Loree<br>210-404-1320 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**DEFENDANT'S EXHIBIT A**

PRIVATE PROCESS

Case Number: 2020-CI-15074

2020CI15074 S00001

**PURE PARTY GP LLC**
**vs.**
**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

Served By PSC-17222
Date: 8 / 26 20 20
Time: 1 : 00 AM PM

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  was filed on the 11th day of August, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 19TH DAY OF AUGUST A.D., 2020.

ROBERT W LOREE
ATTORNEY FOR PLAINTIFF
777 E SONTERRA BLVD 320
SAN ANTONIO, TX 78258-4246



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas   78205

By: *Leticia Leija*, Deputy

---

PURE PARTY GP LLC
VS
STATE AUTOMOBILE MUTUAL INSURANCE COMPANY ET AL

**Officer's Return**

Case Number: 2020-CI-15074
Court: 408th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

FILED
8/11/2020 3:26 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roxanne Mujica

CIT & CIT (SOS)

W/JD

CAUSE NO. **2020CI15074**

| | | |
|---|---|---|
| PURE PARTY GP, LLC d/b/a<br>PURE PARTY ICE<br><br>**Plaintiff**<br><br>v.<br><br>STATE AUTOMOBILE MUTUAL<br>INSURANCE COMPANY and<br>NATALIE THOMAS<br><br>**Defendants** | § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br><br>408TH ___ JUDICIAL DISTRICT<br><br><br><br>BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Pure Party GP, LLC d/b/a Pure Party Ice, files this original petition complaining of Defendants, State Automobile Mutual Insurance Company and Natalie Thomas, in which Plaintiff is seeking monetary relief of $200,000 to $1,000,000. In support of this petition, Plaintiff would show this honorable court as follows:

### I. Parties, Venue and Discovery Level

Plaintiff, Pure Party GP, LLC d/b/a Pure Party Ice (hereafter "Pure Party"), is a Texas limited liability company and the named insured under the subject policy with State Automobile Mutual Insurance Company for the property located at 1902 S. Laredo Street, Bldg. 5, San Antonio, Texas 78207.

Defendant, State Automobile Mutual Insurance Company (hereinafter "State Auto"), is a foreign insurance company doing business in Texas that can be served by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

Defendant, Natalie Thomas, is an individual and insurance adjuster, who does business in Texas, but does not have a designated agent of service of process in Texas. Natalie Thomas cab be served with process by serving the Secretary of State at P.O. Box 12079, Austin, Texas

78711-2079. The Texas Secretary of State can forward this process to Natalie Thomas at her principal place of business at 518 East Broad Street, Columbus, Ohio 43215.

The venue of this case is proper in Bexar County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA").

Plaintiff intends to conduct discovery in this case under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendants or their agents, officers, servants, employees, or representatives did such act or thing. They were also done with the full authorization or ratification of Defendants or done in the normal routine, course, and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## III. Conditions Precedent

All conditions precedent to recovery have occurred or been performed.

## IV. Facts of the Case

Plaintiff purchased a Preferred Business Insurance Policy from State Auto (Policy Number PBP-2855076-00) for the policy period of March 10, 2019 to March 20, 2020 that provided coverage for a collapse loss to business personal property, equipment breakdown, and loss of business income at multiple properties, including Plaintiff's ice distribution warehouse at 1902 S. Laredo Street, Building 5, San Antonio, Texas 78207. On October 5, 2019, during the subject policy period, the ceiling of Plaintiff's industrial walk-in freezer unit, located in the east portion of the single story warehouse and distribution center, collapsed damaging the freezer unit and its contents. Plaintiff thereafter reported this loss to State Auto and its agents, who assigned this loss the claim number PR-000000-27067 with a date of loss of October 5, 2019.

In an October 7, 2019 email, adjuster Natalie Thomas of State Auto informed Plaintiff

that its adjuster would be inspecting the property to photograph the damage. Thomas recommended that Plaintiff contact a local refrigeration company to assist it with preparing an estimate for repairs or replacement.

On or about October 10, 2019, State Auto and its adjuster, Karen Denise Alfaro, inspected the damage to Plaintiff's industrial walk-in freezer unit from the abrupt collapse at the subject property. State Auto also retained an engineer, Amanda Talbott of Nelson Forensics, LLC (hereinafter "Nelson"), to inspect and report on Plaintiff's business personal property abrupt collapse claim. State Auto tasked Nelson with determining the cause of the collapse. On October 14, 2019, Nelson inspected the damage to Plaintiff's property. Plaintiff believes that State Auto hires adjusters and engineers like Alfaro, Talbott, and Nelson Forensics because they are biased for insurers, not objective, and will give State Auto result-oriented reports and estimates on which State Auto can deny or under pay an insured's damage claim.

True to form, in an October 16, 2019 report, Talbott of Nelson stated that it was her opinion that the cause of the collapse of the north portion of the freezer unit was the failure of the ceiling panel support system due to long-term moisture intrusion at the insulated panels caused by the lack of a vapor barrier at the panel joints. Talbott also informed Thomas and State Auto in an October 15, 2019 letter that the subject collapse of Plaintiff's industrial walk-in freezer posed life-safety hazards to the public and recommended that these unsafe conditions be mitigated before any further use. Talbott notified Mark Bideiger of Pure Party of these unsafe conditions.

In a December 6, 2019 letter, Thomas and State Auto denied Plaintiff's claim for coverage for damage to its industrial walk-in freezer unit, loss of product, and loss of business income. Thomas and State Auto, however, failed to give the specific reasons for this denial based upon the facts of the claim and the policy language for denying the claim. This failure is a violation of Section 542.056(c) of the Texas Insurance Code. They also misrepresented the subject insurance policy by failing to disclose the policy's additional applicable coverage for

abrupt collapse and the facts applicable to that coverage. This omission clearly violates Sections 541.060(a)(1) and 541.061 of the Texas Insurance Code.

Since Plaintiff suspected that State Auto and Thomas had denied its insurance claim in bad faith, Plaintiff hired its own engineer, David Day of CASA Engineering, to investigate and report on the abrupt collapse concerning its industrial walk-in freezer unit. On January 24, 2020, Day inspected the subject property and also reviewed Nelson's forensic report. In his January 27, 2020 report, Day concluded that the roof of Plaintiff's Master Bilt walk-in freezer unit collapsed due to the concealed condition of corroded cam lock connectors that connected the metal wall and roof panels of the freezer unit. Because all the panels are interconnected, when one panel failed on the night of October 5, 2019 the load was shifted to the next panel which then collapsed under the subject load causing a chain reaction of ceiling collapse. Day determined that the damage to the freezer unit, its metal panels, and the cam lock connectors was not reparable and that the freezer unit needed to be re-built.

Day's report also addressed Nelson's erroneous assertion that the lack of a vapor barrier at the panel joints caused the subject collapse. Engineer Day stated: *This is an incorrect statement and would be equivalent to saying that the refrigerator in a home would need a vapor barrier at the exterior. The panels have a metal exterior with gaskets at panel intersections. The panels were constructed and installed in accordance with Master-Bilt literature sheets 2.1, 2.4, 3.2, 4.9, and 7.1."* There was no failure due to lack of a vapor barrier, which is not specified or required by Master Bilt. Also, there was no evidence of standing water at panel top surfaces, but there was a thick layer of dust on top surfaces with no streaking from moisture build-up. Day also stated that other than the above referenced disagreement, he concurred with all of Nelson's conclusions on long term corrosion and added that this corrosion was a concealed condition (latent defect).

Plaintiff also hired DFW Services A/C Heating & Refrigeration (hereinafter "DFW Services") to inspect the freezer unit and prepare an estimate for the cost to properly repair the

collapse damage. DFW determined that the total cost to repair this collapse damage to the freezer unit was $206,589.28.

In this respect, State Auto improperly denied Plaintiff any coverage for its claim for the abrupt collapse concerning its industrial walk-in freezer unit. State Auto's and its adjusters' position is contrary to the coverage language in the subject policy additional collapse coverage, which requires State Auto to pay for direct physical loss or damage to covered property caused by an abrupt collapse, if the collapse is caused by building decay that is hidden from view. State Auto and Plaintiff's investigations concur that the cause of the October 5, 2019 damage to the freezer unit and its contents was caused by the corrosion of the freezer unit's panel cam lock connectors, which led to the collapse on to the freezer's ceiling. State Auto and its adjusters are charged with the knowledge that under Texas law "corrosion means decay of metal." *McConnell Construction Co. v. Insurance Company of St. Louis*, 428 S.W.2d 659, 661 (Tex. 1968).

Under the facts concerning the cause of the collapse and the policy language, State Auto and Thomas should have granted coverage, but have ignored both the controlling facts and the policy's additional coverage on abrupt collapse to deny the claim in bad faith. In this respect, Nelson's investigation and report did not give State Auto and Thomas an excuse to deny the claim, but they chose to do so even though liability on the claim was reasonably clear. This bad faith denial has caused Plaintiff $206,589.28 in damages and unpaid policy benefits for the proper repair of its industrial walk-in freezer unit. Plaintiff also sustained loss of contents in the freezer and loss of business income, which State Auto and Thomas also denied in their December 6, 2019 letter.

### V. Cause of Action for Breach of Contract

According to the insurance policy that Plaintiff purchased, Defendants have the duty to investigate and pay Plaintiff policy benefits for claims made for damages to its property caused by the abrupt collapse. The subject collapse caused substantial damage to Plaintiff's property, which damage is covered under Plaintiff's Preferred Business Insurance Policy with State Auto.

State Auto has also breached its contractual obligation and the subject insurance policy by failing to pay Plaintiff policy benefits for the cost to properly repair the collapse damage to its property. State Auto has also breached any contractual provisions on timely investigating, adjusting, and paying Plaintiff's collapse damage insurance claim. As a result of these breaches of contract, Plaintiff has suffered the damages that are described in this petition.

### VI. Causes of Action for Violation of Chapter 542 of the Insurance Code

State Auto's and its adjusters' conduct that is described in this petition violate Chapter 542 of the Texas Insurance Code. Within 15 days after the receipt of either actual or written notice of Plaintiff's collapse damage claim, State Auto did not request from Plaintiff any items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for its claim. As a result, State Auto has violated Chapter 542 by failing to accept or reject Plaintiff's claim in writing within 36 days after receiving either actual or written notice of its claim. State Auto has also violated Section 542.058 by failing to properly pay Plaintiff's claim within 75 days after it received either actual or written notice of the claim or within 60 days after any other applicable statutory period. In the event it is determined that State Auto owes Plaintiff any additional monies, then State Auto has automatically violated Chapter 542 of the Texas Insurance Code. For these violations, AFM owes Plaintiff the 18% per annum interest as damages for its failure to timely pay the amounts that it did pay and for any unpaid amount under Section 542.060 of the Texas Insurance Code plus reasonable attorney's fees, prejudgment interests and court costs

### VII. DTPA Causes of Action

Plaintiff incorporates all the allegations in this petition for these causes of action against Defendants under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing these causes of action against Defendants, State Auto and Natalie Thomas. Specifically, these Defendants' violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct that are described in this petition, Defendants, State Auto and Natalie Thomas have violated Sections 17.46 (b)(5), (7), (12), and (20) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to properly investigate Plaintiff's claim, (3) Defendants' use of a biased adjusters and consultants to obtain result-oriented estimates and reports to assist the insurer in denying Plaintiff's insurance claim, and (4) their failure to pay for the proper repair of Plaintiff's property on which Defendant's liability had become reasonably clear;

B. As described in this petition, Defendants, State Auto and Natalie Thomas represented to Plaintiff that the subject insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C. As described in this petition, Defendants, State Auto and Natalie Thomas represented to Plaintiff that the subject insurance policy and its adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D. As described in this petition, Defendants, State Auto and Natalie Thomas represented to Plaintiff that the subject insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

E. By representing that Defendants would pay to repair the damages caused by the collapse and then not doing so, Defendants have violated Sections 17.46(b)(S), (7), and (12) of the DTPA;

F. Defendants have breached an express warranty that the damage caused by the collapse would be covered under the subject insurance policy. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

G. Defendants' actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct give Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

H. Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants, State Auto and Natalie Thomas are a producing cause of Plaintiff's damages that are described in this petition.

## VIII. Causes of Action for Unfair Insurance Practices

Plaintiff incorporates all of the allegations in this petition for these causes of action against Defendants, State Auto and Natalie Thomas, under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct Defendants, State Auto and Natalie Thomas have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

Such violations include, without limitation, all the conduct described in this petition plus this Defendants' failures to properly investigate Plaintiff's claim. They also include Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and their failure to pay for the proper repair of Plaintiff's property on which its liability had become reasonably clear. They further include Defendants' use of biased adjusters and consultants to obtain result-oriented estimates and Defendants' use of biased consultants to obtain result oriented reports to assist the insurer in denying Plaintiff's insurance claim. In addition, Defendants failed to look for coverage and give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim on which Defendants' liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F. Refusing to properly pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

State Auto has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. The conduct of Defendants, State Auto and Natalie Thomas as described herein has resulted in Plaintiff's damages that are described in this petition.

### IX. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, State Auto has breached its common law duty of good faith and fair dealing by denying Plaintiff's claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its denial. State Auto has also breached its duty by unreasonably delaying payment of Plaintiff's claim and by failing to settle Plaintiff's claim because State Auto knew or should have known that it was reasonably clear that the claim was covered. This conduct of State Auto is the proximate cause of Plaintiff's damages.

### X. Waiver and Estoppel

Defendants have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters previously sent to Plaintiff.

### XI. Damages

The above-described conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the unpaid cost to properly repair the damage to Pure Party's walk-in freezer unit in the amount of $206,589.28, $91,000 in temporary and emergency repairs to mitigate the unsafe conditions of the collapsed freezer unit, $11,880 in loss of business income, $7,500 in extra expenses, and approximately $14,000 in lost product (contents), and any investigative and engineering fees incurred during the claim process. Plaintiff is also entitled to recover the unpaid amount plus an eighteen percent per annum interest on that amount against Defendant as damages under Section 542.060 of the Texas Insurance Code. All the damages

described in this petition are within the jurisdictional limits of the Court.

## XII. Additional Damages

Defendants, State Auto and Natalie Thomas have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiff is entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapter 541 of the Texas Insurance Code.

## XIII. Exemplary Damages

State Auto's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally and with "malice" and "gross negligence" as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by State Auto are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish State Auto for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

## XIV. Attorney's Fees

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorney's fees. Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code; Chapters 541 and 542 of the Texas Insurance Code; and Section 17.50 of the DTPA.

## XV. Rule 194 Requests for Disclosure

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) through (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests a trial by jury and also

requests that Defendants be cited to appear and answer, and on final hearing, the court award Plaintiff a judgment against Defendants for the following:

1. Actual, economic, additional, and exemplary damages in an amount within the jurisdictional limits of the court;

2. Reasonable attorney's fees through trial and on appeal;

3. Ten percent per annum interest on late or unpaid policy benefits pursuant to Chapter 542 of Texas Insurance Code;

4. Pre-judgment and post-judgment interest as provided by law;

5. Costs of court; and

6. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*Loree & Lipscomb*
The Terrace at Concord Park
777 E. Sonterra Blvd, Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile:  (210) 404-1310


By: */s/ Robert W. Loree*
Robert W. Loree
State Bar No. 12579200
rob@lhlawfirm.com
Stephen Fields
State Bar No. 24096598
stephen@lhllawfirm.com

**Attorneys for Plaintiff**

PRIVATE PROCESS

Case Number: 2020-CI-15074

2020CI15074 S00001

PURE PARTY GP LLC
VS.
STATE AUTOMOBILE MUTUAL INSURANCE COMPANY ET AL
(Note: Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

Served By PSC-17222
Date: 8-26-20
Time: 1:00   AM  PM

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE, a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 11th day of August, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 19TH DAY OF AUGUST A.D., 2020.

ROBERT W LOREE
ATTORNEY FOR PLAINTIFF
777 E SONTERRA BLVD 320
SAN ANTONIO, TX 78258-4246



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Leticia Leija*, Deputy

---

PURE PARTY GP LLC
VS
STATE AUTOMOBILE MUTUAL INSURANCE COMPANY ET AL

**Officer's Return**

Case Number: 2020-CI-15074
Court: 408th Judicial District Court

I received this CITATION on _____ at _____ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M at_____ or ( ) not executed because _____

Fees:_____  Badge/PPS #:_____  Date certification expires:_____

_____ County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20____.

_____
Declarant

ORIGINAL (DK002)